UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

YMD RECORDS, LLC d/b/a RAPTURE
ELECTRONIC MUSIC FESTIVAL

        Plaintiff,

vs.

ULTRA ENTERPRISES, INC.,
CITY OF MIAMI,
VIRIGINIA KEY BEACH TRUST, and
EVENT ENTERTAINMENT GROUP, INC.

        Defendants.
_____/

**COMPLAINT FOR INJUNCTION AND DAMAGES
AND DEMAND OF TRIAL BY JURY**

Plaintiff, YMD Records, LLC d/b/a Rapture Electronics Music Festival ("Rapture"), by and through its undersigned attorneys, sues Ultra Enterprises, Inc. ("Ultra"), City of Miami ("City"), Virginia Key Beach Trust ("VKBT") and Event Entertainment Group, Inc. ("EEG"), and alleges:

Introduction and Summary

1.    Rapture brings this action to challenge and seek redress from certain anticompetitive, exclusionary, unfair competition, tortious and monopolistic conduct by Ultra, City of Miami, EEG and Virginia Key Beach Trust. The Defendants' acts described below violate the Sherman Antitrust Act, 15 U.S.C. §§1 and 2, and Plaintiff is entitled to declaratory relief that the approval of Ultra music festival for March 2019 is void and of no effect.

2.    The Sherman Antitrust Act is the most prominent and sweeping fair competition law in the United States. It forms the backbone of American antitrust law and fair competition

policy. The Clayton Act, 15 USC § 12 et. seq., supplements the Sherman Act and provides a private cause of action for violations of the Sherman Act.

3. Plaintiff Rapture produces a festival at Historic Virginia Key Beach Park with a goal to bring an environmentally conscious festival to Miami that combined a world-class music lineup while also educating attendees about ocean conservation, sustainability, as well as health and wellness.

4. For the past two (2) years, Rapture has held its festival on Virginia Key Beach in March.

5. In light of the success, environmentally friendly and cooperation from Rapture, the Defendants VKBT and City have welcomed and offered Rapture additional years to have its festival at the same time and location. These years would be 2019 and 2020.

6. The Rapture 2019 festival is scheduled for March 29 and 30, 2019 at Virginia Key Beach. Rapture's website still contains a countdown to its festival, which is approximately 55 days and under 10 hours from the date of filing.

7. Consistent with the past acts, promises and discussed plans, Rapture submitted its Special Event Application on March 11, 2018 for the 2019 festival and made its deposit in October 2018. The City application was submitted on October 4, 2018.

8. Defendant Ultra and EEG runs the Ultra electronic music festival that has been involved in a number of issues with the City, including being *kicked out* of Bayfront Park in Downtown Miami, which was its home since 2001.

9. The Miami City Commission of Planning and Zoning in 2018 voted <u>unanimously</u> against Ultra festival returning to the location for 2019.

10. Excessively loud music, overwhelming traffic, pollution, garbage and other issues with Ultra festival have been cited by local Miami residents and others in opposition to its continuation in Miami.

11. By contrast, the Executive Director of the Historic Virginia Key Beach Park stated in 2018 as to Rapture that "[t]his event is endorsed by the management of Virginia Key Beach Park Trust…."

12. Part of the goodwill and concept of Rapture being environmentally conscious and located at Virginia Key Beach has been well recognized. By example, DJ Mag stated that "Rapture stands out simply by combining the best in underground music and techno with its unique locale, which is surrounded by pristine beach in a protected environmental oasis."

13. Losing its home at Bayfront Park and knowing Rapture was set to be the same weekend at Virginia Key Beach, Ultra and EEG targeted Virginia Key Beach for the same weekend.

14. Various sources have reported that the City, EEG, VKBT and Ultra have conspired to take Rapture's location for the same date in exchange for certain benefits.

15. This was an opportunity for Ultra and EEG to shut down its competing Miami based festival held by Rapture.

16. The linty of complaints and opposition to Ultra music festival at Bayfront Park's downtown urban setting, including being too disrupted and leaving garbage, did not stop the City and VKBT from approving and otherwise agreeing to the Ultra festival in the delicate ecosystem of Virginia Key Beach.

17. The ridiculousness of allowing the Ultra music festival in such an environmentally friendly location is absurd and a clear signal of an antitrust violation.

18. The Virginia Key Advisory Board, pursuant to the City's own ordinance, considered the Ultra festival at Virginia Key and resolved to oppose the City's arrangement with Ultra music festival and EEG.

19. Ultra's 2019 application for Virginia Key Beach was submitted <u>after</u> Rapture's application for the same weekend.

20. Despite the later filed application, the City, VKBT, EEG and Ultra negotiated and formulated a plan to block Rapture's competitive festival.

21. The City and VKBT have ignored and violated their own rules, contracts, regulations and procedure in their effort to conspire with Ultra and EEG to the detriment of Rapture.

22. The City has ignored the rules, recommendations, warnings and demands to further the conspiracy for the benefit of the private enterprise of other Defendants.

23. The City, Ultra, EEG and VKBT are engaged in anticompetitive actions that violate the Sherman Antitrust Act. Their acts, deliberate silences, and threats have been effective in eliminating competition. Individually and together, the Defendants are conspiring in restraint of trade and/or create a monopoly.

24. The City, Ultra, EEG and VKBT are reducing competition, controlling prices, and causing Rapture and its guest and vendors substantial harm.

25. Due to the shock of these events and timing, Rapture is left in a state of unknown about its festival. Rapture files this lawsuit to obtain injunctive relief preventing current and further anticompetitive actions and to recover treble damages under Federal law.

The Parties, Venue and Jurisdiction

26. Plaintiff Rapture is a Florida limited liability company with its principal place of business located in Miami-Dade County, Florida.

27. Defendant City is a governmental agency for the City of Miami, Florida.

28. Defendant VKBT is a trust in Florida associated with its principal location and the subject event in question within this District.

29. Defendant Ultra is a Florida corporation with its principal location and the subject event in question within this District.

30. Defendant EEG is a Florida corporation with its principal location and the subject event in question within this District.

31. Plaintiff brings this lawsuit against Defendants seeking monetary and injunctive remedies for the Defendants' violations.

32. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1336, and 1337 and 15 U.S.C. §§ 15(a) and 26.

33. This Court has personal jurisdiction over each Defendant because each Defendant resides or is principally located in Florida and/or has substantial, continuous contacts with Florida.

34. Venue is proper in this District because Defendants are located in this District. *See* 28 U.S.C. §§ 1391. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District. 28 U.S.C. § 1391(b)(2).

## General Allegations

35. Rapture's first festival in 2017 was at Virginia Key and provided more than electronic music its festival-goers.

36. Rapture festival had music and art, environment awareness and promotion and spirituality and wellness sessions.

37. Rapture quickly became recognized as a competitor and alternative to Ultra festival.

38. While Ultra was drawing sharp criticism and anti-festival movement by residents and others locally, Rapture was welcomed back to Virginia Key and by the City of Key Biscayne.

39. Virginia Key Advisory Board, who is tasked with advising and making recommendations to the City with operation of Virginia Key, based on information and belief, opposed Ultra festival at Virginia Key.

40. The Miami City Commission of Planning and Zoning in 2018 voted <u>unanimously</u> against Ultra returning to downtown location for 2019.

41. Various sources have reported that the City, EEG, VKBT and Ultra have conspired to take Rapture's location for the same date in exchange for certain benefits, including but not limited to contributions related to a certain museum for the City.

42. Excessively loud music, overwhelming traffic, pollution, garbage and other issues with Ultra have been cited for local residents and others in opposition to its continuation in Miami.

43. Ultra's application for its March festival was submitted <u>after</u> Rapture's application for the same general location on the same weekend. Despite the later filed application, the City, VKBT, EEG and Ultra negotiated and formulated a back-door plan to circumvent Rapture.

44. The approval process for applications related to special event recognizes that the applicants are taken on a first come first serve basis.

45. The City and VKBT have ignored and violated their own rules, contracts, regulations and procedure in their effort to conspire with Ultra and EEG to the detriment of Rapture.

46. The City, Ultra, EEG and VKBT are engaged in anticompetitive actions and unfair competition. Their acts are deliberate to silence and otherwise threaten have been effective in eliminating competition. Individually and together, the Defendants are conspiring in restraint of trade.

47. VKBT and the City openly invited Rapture back for 2019 promised a Virginia Key Beach home for the festival.

48. During this time, Rapture was recognized as a growing competition for Ultra and a clear alternative for festival-goers and DJs.

49. Prior to Rapture's festival, Ultra's and EEG's competition was the Winter Music Conference during March in Miami.

50. Ultra and/or EEG or an affiliated or related entity then purchased Winter Music Conference making it the Miami music festival in March and with only Rapture's festival, which started only in 2017, keeping it from being the exclusive.

51. If Ultra and EEG are successful with the conspiracy of the City and VKBT, there would be a monopoly and make in nearly impossible for a competitive festival in Miami.

52. Due to the improper actions and conspiracy of the Defendants, Rapture's application for its festival was ignored, skipped and otherwise disregarded.

53. Due to the improper actions and conspiracy of the Ultra festival application was taken out of turn, given special attention and otherwise given an undeserving priority.

54. A known result of taking this application out of turn was restricting the competition of Rapture.

55. To this date, Rapture has not been notified that its application has been denied by the City or VKBT.

56. As a result of the Defendants' actions, Rapture is unable to inform its vendors, ticketholders, prospective guests and many others about the festival taking place as planned in March 2019 at the designated location in Virginia Key Beach.

57. Defendants' actions have driven away ticket purchasers, vendors, sponsors, DJs, and others from Rapture, thereby damaging Rapture's business and goodwill.

58. In a final attempt to prevent further damage, Rapture, through its legal counsel, sent a cease and desist letter (the "Cease and Desist Letter"). A true and correct copy of this letter is attached hereto is attached as Exhibit A.

59. The Cease and Desist Letter has been ignored.

60. The Defendants' anticompetitive conduct and unfair competition has dramatically impacted Rapture's business and goodwill.

61. This clear conduct by Defendants was to target Rapture by taking its festival location (for the past two (2) years) and declared location for 2019 and 2020.

62. But for the Defendants' conduct, Rapture would be having its festival on Virginia Beach Key on the same weekend.

63. Defendants' activities and the conduct of Defendants occurred in and/or affected a substantial portion of interstate commerce, including trade and commerce to, from, and within this District.

64. Ticket purchasers, vendors and DJs come from various states and even out of the Country.

65. Defendants' actions to interfere and limit the competition of Rapture has a market-wide impact affecting interstate commerce for the festival goer and the companies that support and work with festivals.

### Count I
### Combination and conspiracy in unreasonable restraint of trade
### in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1

Plaintiff incorporates by reference as if fully set forth the allegations in a paragraphs 1-65 of this Complaint.

66. As described above, Rapture has become a growing alternative in competition to the March Ultra festival in Miami.

67. Rapture's festival location was well known to the Defendants, including the promises for 2019 and 2020.

68. Defendants have conspired and several of the Defendants are entering into or otherwise benefit from an agreement to the anti-competitive behavior at the harm of Rapture.

69. In fact, certain of the defendants are negotiating a license agreement with exclusivity clause and limiting the use for competitors.

70. Proposed language for the exclusivity clause calls for the Ultra festival to be the exclusive music festival at part of Virginia Key Beach for a certain number of years.

71. Additional language restricts the City from allowing a part of Virginia Key Beach from being used by a similar event for a number of years.

72. It was known to the other Defendants that Ultra, EEG or its related or affiliated entities previously purchased it competitor, Winter Music Conference, to garner an unreasonable restraint on trade.

73. The Defendants' actions are a restraint of trade, resulting in harm both to competition generally and to Plaintiff specifically, in violation of Section 1 of the Sherman Act, and as supplemented by the Clayton Act.

74. By its efforts and conduct, Ultra and EEG have made it possible to utilize an unreasonable restrain on trade and access to DJs, performers and other vendors.

75. The unlawful combination and conspiracy by Defendants, in which they are refusing to Rapture and its application, which would exclude Rapture from its promised location on the weekend at issue for the benefit of other Defendants, constitutes a boycott, a collective

refusal to deal, and the exclusion of competitors from the relevant market space by market participants with market power, and thus a per se antitrust violation.

77. The unlawful combination and conspiracy by Defendants also resulted in an unreasonable restraint of trade.

77. The City has ignored all the rules, recommendations, warnings and demands to further the conspiracy for the benefit of a private enterprise of the other Defendants.

78. Virginia Key Advisory Board, who is tasked with advising and making recommendations to the City with operation of Virginia Key, based on information and belief, opposed Ultra festival at Virginia Key.

79. Rapture is the class of persons or entities meant to be protected by the antitrust laws.

80. Defendants' unlawful combination and conspiracy injured competition in the relevant market, including by reducing consumer choice, reducing the output of music industry vendors and performers, and controlling prices, and proximately caused Plaintiff's economic loss and damages, which it seeks to recover.

81. In addition to injunctive relief and actual damages, pursuant to 15 U.S.C. §15, Rapture seeks to recover treble damages, punitive damages, costs and attorneys' fees.

WHEREFORE, Plaintiff, Rapture respectfully requests that this Honorable Court:

(a) adjudge and declare that Defendants have engaged in unlawful conduct in violation of § 1 of the Sherman Act, 15 U.S.C. § 1;

(b) award Plaintiff actual damages, trebled by law, plus costs of suit, prejudgment interest, and attorneys' fees pursuant to § 4 of the Clayton Act, 15 U.S.C. §15;

(c) enter a temporary and, upon final judgment, a permanent injunction to prevent current and future violations; and

(d) grant such further relief at law or in equity as the Court deems just and appropriate.

## Count II
### Monopolization, attempted monopolization, and combination and conspiracy to monopolize in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2

Plaintiff incorporates by reference as if fully set forth the allegations in a paragraphs 1-65 of this Complaint.

82. Defendants have worked together to attempt to monopolize and/or combined and conspired to monopolize the music festival market in Miami during March 2019 and going forward.

83. It was known to the other Defendants that Ultra, EEG or its related or affiliated entities previously purchased it competitor, Winter Music Conference, to garner an actual or near monopoly.

84. By its efforts and conduct, Ultra and EEG have made it possible as a monopoly or near monopoly to block access to DJs, performers and other vendors.

85. Ultra and EEG possess the power to monopolize the relevant market.

86. In fact, certain of the defendants are negotiating a license agreement with exclusivity clause and limiting the use of festival competitors.

87. Proposed language for the Exclusivity clause calls for the Ultra festival to be the exclusive music festival at part of Virginia Key Beach for a certain number of years.

88. Additional language restricts the City from allowing a part of Virgina Key Beach from being used by a similar event for a number of years.

89. The City, Ultra, EEG and VKBT are engaged in attempted monopolization, and/or combination and conspiracy to monopolize that violate the Sherman Antitrust Act and Clayton

Act. Their acts are deliberate to silence and otherwise threaten have been effective in creating an actual or near monopoly. Individually and together, the Defendants are conspiring for this goal.

90.     These actions have and continue to result in harm both to competition generally and to Plaintiff specifically, in violation of Section 2 of the Sherman Act.

91.     Rapture had already announced its festival for the subject weekend at Virginia Key Beach, the same as prior years. The City and VKBT have ignored and violated their own rules, contracts, regulations and procedure in their effort to conspire with Ultra and EEG to the detriment of Rapture and free trade.

92.     Defendants' unlawful attempted monopolization, and/or combination and conspiracy to monopolize both injured competition in music festival market in Miami during March 2019, including by reducing consumer choice, reducing jobs, income and work for local and out of state people, and creating ability to raise prices, by the unlawful exclusion of Rapture from the same market.

93.     Defendants' unlawful attempted monopolization, and/or combination and conspiracy to monopolize proximately caused Rapture economic loss and damages, which Plaintiff seeks to recover.

94.     In addition to injunctive relief and actual damages, pursuant to 15 U.S.C. §15, Rapture seeks to recover treble damages, punitive damages, costs and attorneys' fees.

WHEREFORE, Plaintiff, Rapture respectfully requests that this Honorable Court:

(a) adjudge and declare that Defendants have engaged in unlawful conduct in violation of §2 of the Sherman Act, 15 U.S.C. § 1;

(b)     award Plaintiff actual damages, trebled by law, plus costs of suit, prejudgment interest, and attorneys' fees pursuant to § 4 of the Clayton Act, 15 U.S.C. §15;

(c) enter a temporary and, upon final judgment, a permanent injunction to prevent current and future violations; and

(d) grant such further relief at law or in equity as the Court deems just and appropriate.

## Count III
## Declaratory Judgment

Plaintiff incorporates by reference as if fully set forth the allegations in a paragraphs 1-65 of this Complaint.

95. This is an action for declaratory judgment as to Rapture's right for a permit and hold its event at Virginia Key Beach on the weekend of March 29 and 30, 2019 and its weekend of March 2020.

96. Virginia Key Beach was promised to Rapture for 2019 and 2020 for March.

97. As of this filing, Rapture still seeking tickets sales for its March 29-30, 2019 festival at Virginia Key Beach.

98. Consistent with that promise, Rapture submitted its application for the festival.

99. The Ultra festival application was after the Rapture application.

100. The City with the VKBT intentionally ignored and willfully disregarded Rapture's application in order to deal with the later filed application associated with Ultra's festival.

101. Rapture has not been notified that its application has been denied by the City or VKBT.

102. As a result of the Defendants' actions, Rapture is unable to inform its vendors, ticketholders, prospective guests and many others about the festival taking place as planned in March 2019 at the designated location in Virginia Key Beach.

103. The actions of Defendants create a bona fide, actual, present and practical need for a declaratory judgment regarding who will have a festival at Virginia Key Beach on the weekend of March 29, 2019 and March 2020.

104. Rapture's rights and obligations are dependent upon a determination of which festival at Virginia Key Beach on the weekend of March 29, 2019 and the March 2020.

105. The parties disagree on whose festival should occur on Virginia Key Beach on the weekend of March 29, 2019 and March 2020.

106. The parties disagree on the Defendants' violation of the application process that affects whose festival should have been heard for the Virginia Key Beach location on the weekend of March 29, 2019 and March 2020.

107. Rapture is not merely seeking legal advice or the answer of a question of curiosity. Instead, Rapture is seeking a declaratory judgment from this Court that the application and approval for Ultra music festival on Virginia Key Beach on the weekend of March 29, 2019 is not valid and therefore null and void. That Rapture's festival shall proceed on March 29 and 30, 2019, plus the right in March 2020.

WHEREFORE, Plaintiff, Rapture respectfully requests that this Honorable Court:

(a) the special event application and approval for Ultra music festival on Virginia Key Beach on the weekend of March 29, 2019 is not null and void;

(b) Rapture's application should be reviewed, processed and properly considered first and otherwise prior to the one for the Ultra music festival; and

(c) such other and further relief as the Court deems just and proper, including by not limited to costs and expenses associated with brining this action.

## Count IV
## Violation of FDUPTA

Plaintiff incorporates by reference as if fully set forth the allegations in a paragraphs 1-65 of this Complaint.

108.    This is an action for declaratory judgment as to Rapture's right for a permit and hold its event at Virginia Key Beach on the weekend of March 29 and 30, 2019 and its weekend of March 2020.

109.    Plaintiff is engaging in commerce and trade in Florida and "consumers" within the meaning and intent of Fla. Stat. §501.203.

110.    Rapture is entitled to the protection of said statute from those who engage in unfair methods of competition or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

111.    A violation of FDUPTA may be based upon "any law, statute, rule, regulation, or ordinance which proscribes unfair, deceptive, or unconscionable acts or practices." Fla. Stat. § 501.203(3)(c).

112.    Defendants engaged in the unconscionable acts or practices, and unfair or deceptive acts or practices, in the conduct of the approval process for Virginia Key Beach for weekend of March 29, 2019 and jeopardizing Rapture's festival and its rights in 2019 and 2020.

113.    Losing its home at Bayfront Park and knowing Rapture was set to be the same weekend at Virginia Key Beach, Ultra and EEG targeted Virginia Key Beach for the same weekend.

114.    Various sources have reported that the City, EEG, VKBT and Ultra have conspired to take Rapture's location for the same date in exchange for certain benefits.

115.    Prior to the dirty deeds, VKBT and the City openly invited Rapture back for 2019 promised a Virginia Key Beach home for the festival.

116. This was an opportunity for Ultra and EEG to shut down its competing Miami based festival held by Rapture.

117. The linty of complaints and opposition to Ultra music festival at Bayfront Park's downtown urban setting, including being too disrupted and leaving garbage, did not stop the City and VKBT from approving and otherwise agreeing to the Ultra festival in the delicate ecosystem of Virginia Key Beach.

118. The ridiculousness of allowing the Ultra music festival in such an environmentally friendly location is absurd and a clear signal of unfair competition.

119. The Virginia Key Advisory Board, pursuant to the City's own ordinance, considered the Ultra festival at Virginia Key and resolved to oppose the City's arrangement with Ultra music festival and EEG.

120. Ultra's 2019 application for Virginia Key Beach was submitted after Rapture's application for the same weekend.

121. Despite the later filed application, the City, VKBT, EEG and Ultra negotiated and formulated a plan to block Rapture's competitive festival.

122. The City and VKBT have ignored and violated their own rules, contracts, regulations and procedure in their effort to conspire with Ultra and EEG to the detriment of Rapture.

123. The City has ignored the rules, recommendations, warnings and demands to further the conspiracy for the benefit of the private enterprise of other Defendants.

124. Defendants afore-described, unfair competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of the above-referenced trade or commerce, constitute unfair or deceptive acts or practice under Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201,

et. seq. and are, therefore, in violation of said Act, giving rise to a civil cause of action under which Plaintiff is entitled to relief.

125.    As a direct and proximate result of the Defendants' aforementioned misconduct, Plaintiff have suffered substantial damages, as set forth above.

126.    Pursuant to Fla. Stat. §501.211(1), moreover, without regard to any other remedy or relief to which Plaintiff is entitled, Plaintiffs are also entitled to obtain a declaratory judgment that all or part of the Defendants' misconduct set forth above violates FDUPTA and to enjoin any future conduct by any person who is or was an agent, ostensible agent, servant, shareholder, partner, independent contractor, and/or employee of the Defendants, and has violated, is violating, or is otherwise likely to violate FDUPTA.

127.    Plaintiff is entitled to recover from the Defendants attorney's fees and costs in accordance with Fla. Stat. §§ 501.2105(1) and 501.211(2).

WHEREFORE, Plaintiff, Rapture respectfully requests that this Honorable Court:

(a) declare that the Defendants' actions are in violation of FDUPTA;

(b) award Plaintiff actual damages, special damages, plus costs and attorneys' fees;

(c) enter a temporary and, upon final judgment, a permanent injunction to prevent current and future violations; and

(d) grant such further relief at law or in equity as the Court deems just and appropriate.

### Count V
### Tortious Interference
(Ultra and EEG)

Plaintiff incorporates by reference as if fully set forth the allegations in a paragraphs 1-65 of this Complaint.

128. This is an action for tortious interference against Ultra and EEG as to the Rapture festival, right for a permit and hold its event at Virginia Key Beach on the weekend of March 29 and 30, 2019 and its weekend of March 2020.

129. Defendants' actions have driven away ticket purchasers, vendors, sponsors, DJs, and others from Rapture.

130. Defendants actions damaged Rapture's business and goodwill.

131. As a result of the Defendants' actions, Rapture is unable to inform its vendors, ticketholders, prospective guests, DJs and many others about the festival taking place as planned on March 29 and 30, 2019 at the designated location in Virginia Key Beach.

132. Losing its home at Bayfront Park and knowing Rapture was set to be the same weekend at Virginia Key Beach, Ultra and EEG targeted Virginia Key Beach for the same weekend.

133. Prior to the tortious acts, VKBT and the City openly invited Rapture back for 2019 promised a Virginia Key Beach home for the festival.

134. Based on VKBT's and the City's promises, Rapture scheduled its festival for March 29 and 30, 2019, booked DJs, sold tickets, solicited potential guests, entered into contracts, applied to the City and worked with VKBT.

135. Prior to the tortious acts, Rapture enjoyed an actual business relationship and prospective economic advantage for March 29 and 30, 2019 at Virginia Key Beach.

136. The relationship and festival were known to Ultra and EEG at all material times.

137. This was an opportunity for Ultra and EEG to shut down its competing Miami based festival held by Rapture.

138. Ultra and EEG intentionally and unjustifiably interfered with the relationships and the festival.

139. In addition to actual damages, Rapture seeks punitive damages.

WHEREFORE, Plaintiff, Rapture respectfully requests that this Honorable Court:

(a) award Plaintiff actual damages and punitive damages, plus costs;

(b) enter a temporary and, upon final judgment, a permanent injunction to prevent current and future interference; and

(c) grant such further relief at law or in equity as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

*Respectfully Submitted,*

SILVERBERG & WEISS, P.A.
*Attorneys for Plaintiff*
1290 Weston Road, Suite 218
Weston, Florida  33326
Notices@pkslegal.com
Telephone:  (954) 384-0998
Facsimile:  (954) 384-5390

By: ___*/s/ Paul K. Silverberg*_____
     Paul K. Silverberg, Esq.
     Fla. Bar No. 147877



# SILVERBERG & WEISS
## ATTORNEYS AT LAW

December 28, 2018

VIA CERTIFIED MAIL

Ultra Enterprises, Inc.
Russell Faibisch, President
201 S. Biscayne Blvd, St 800
Miami, FL 33131

Re: Rapture Electronic Music Festival at Virginia Key March 29 and 30, 2019

Dear Mr. Faibisch:

The undersigned is legal counsel to Rapture Electronic Music Festival operated by YMD Records, LLC. Our client has informed our office that you are engaging in conduct that is tortuously interfering with their Music Festival at Virginia Key on March 29 and 30, 2019. It is without contest that you knew our client has run its festival the past 2 years at Virginia Key at the subject time and had an understanding, application and on-going relationship for an additional 3 years at the location for the same time. There are a number of government employees, who have already stated that Rapture was scheduled for that timing and that you knew- just like others in the City, Virginia Key Beach Park Trust and Parks department. It is clear that your intent is to breach the on-going promises, commitments and relationship between our client, the City and Virginia Key Beach Park Trust.

You are demanded to cease and desist. We are investigating this matter further and if do not immediately withdraw your application that directly interferes with our client's planned festival time and location, we will be taking immediate action against you, the City and Virginia Key Beach Park Trust. Any continued behavior and furtherance of the complained act will be considered willful and subject you to punitive damages.

We expect these actions to immediately stop and your application withdrawal to also be immediate. To the extent that others are acting on your behalf, you are hereby instructed to have them immediately cease and desist and notify others to cease.

For the Firm,

Paul K. Silverberg

cc: Virginia Key Beach Park Trust
    City of Miami, Mayor's Office
    City of Miami, Special Events Department
    Ultra Legal Department at legal@ultramusicfestival.com

Exhibit A

1290 Weston Road, Suite 218, Weston, Florida 33326      Ph: (954) 384-0998  Fx: (954) 384-5390